Dewey V. Nesmith and Fairy Mae Nesmith v. commissioner.
Nesmith v. Commissioner
Docket No. 4348-70.
United States Tax Court
T.C. Memo 1972-34; 1972 Tax Ct. Memo LEXIS 220; 31 T.C.M. (CCH) 128; T.C.M. (RIA) 72034; February 15, 1972, Filed. Dewey V. Nesmith, pro se, 4613-45th, Lubbock, Tex.John W. Dierker, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in the income tax of petitioners for the taxable years 1967 and 1968 in the amounts of $519.74 and $617.18, respectively. The question presented is whether petitioners are entitled to a cost depletion deduction for their investment in ground water extracted and disposed of by them in a farming operation. More specifically, the issue is whether this ground water was an exhaustible asset. 129 Findings of Fact Petitioners, Dewey V. and Fairy Mae Nesmith, filed joint income tax returns for the taxable years 1967 and 1968 with the district director of internal revenue, Austin, Texas. Petitioners' legal residence on the *221 date of the filing of the petition herein was Lubbock, Texas. Petitioner Fairy Mae Nesmith is a party herein solely by reason of having filed a joint return with her husband, Dewey Nesmith, and the latter will hereinafter be referred to as petitioner. During the years at issue petitioner owned a 333-acre farm in Section 19 (S/2), Block C-2, P.S.L. Survey, Pecos County, Texas. This property is located over a water-bearing bed known as the Pecos Aquifer. The Pecos Aquifer includes Pecos County and other adjoining counties. Petitioner.s property is located in the North Coyanosa irrigation area of that Pecos Aquifer. A report prepared by the United States Geological Survey and the Texas Board of Water Engineers shows that the water level in the North Coyanosa area declined during the year 1958 an average of 20 feet. However, water level measurements from 25 wells located within the area of petitioner's farm were introduced in evidence at trial. These measurements reflect data accumulated for the years 1965 through 1970 by the Texas Water Development Board of Austin. Measurements from 8 of the 25 wells in the vicinity of petitioner's farm showed a slight to marked increase in the *222 level of the water tables for the years 1965 through 1970. Measurements from 6 other wells in the more immediate area of petitioner's farm revealed that 3 wells had moderately declined and 3 had moderately risen. The remaining wells tested, for which there were sufficient measurements, showed a minor decline in relation to the rise. Ultimate Finding of Fact The ground water in the North Coyanosa irrigation area of the Pecos Aquifer was not exhausted to any significant extent during the years 1965 through 1970. Opinion The issue is whether petitioners qualify for the benefit of a depletion deduction under section 611 of the Internal Revenue Code of 1954. [1] This necessitates a finding of whether the underground water supply was being exhausted during the years in question. Under section 611[2] there is allowed a deduction in computing taxable incom hor a reasonable allowance for depletion in the case of natural deposits. The purpose of the depletion deduction is to permit the owner of a capital interest in mineral in place to make a tax-free recovery *223 of that depleting capital asset. Parsons v. Smith, 359 U.S. 215 (1959). Inherent in the allowance is the requirement that the natural resource must be exhaustible. [3] Otherwise there is a possibility of taking depletion for recharged units after the initial investment in the water has been completely depleted. The case of United States v. Shurbet, 347 F. 2d 103 (C.A. 5, 1965), established that ground water in the Ogallala formation of the Southern High Plains is a mineral and a natural *224 deposit within the meaning of the Federal tax statutes and regulations governing deductions for cost depletion. See also Don C. Day, 54 T.C. 1417 (1970). The court in Shurbet also found that under Texas State law the ownership of underground water, for cost depletion purposes, is vested in the owner of the land. Respondent on brief does not dispute either of these established points. Respondent does point out, however, that the court in Shurbet, supra, found on the particular facts of that case that the ground water in that particular region was being exhausted. The court was careful to state, "the decision of this case is not meant to furnish a precedent as to the allowance of cost depletion for ground water, except under the peculiar conditions of the Southern High Plains." Shurbet, supra, at 104. Respondent correctly asserts that the petitioner herein, located over the North 130 Coyanosa irrigation area of the Pecos Aquifer, and not located over the area which was the subject of the Shurbet case, must prove, in order to be entitled to a depletion deduction, that his particular supply of ground water was nonrechargeable and was being *225 exhausted. Petitioner simply has not met his burden. The evidence as presented in this case fails to show that the ground water supply in the North Coyanosa irrigation area was significantly exhausted at any time from the years 1965 through 1970. We can give little probative value to petitioner's evidence which consisted solely of the following two items: (1) unsubstantiated testimony that wells in the area had gone dry; and (2) a 1961 report, based on data recorded in 1958, prepared by the United States Geological Survey and the Texas Board of Water Engineers. Arrayed against this inconclusive evidence, respondent presented a thorough set of detailed measurements and findings and expert testimony by a highly qualified witness. This evidence proves that the water tables in the North Coyanosa irrigation area have generally risen over the years, despite the increased usage of ground water in the area. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 611. ALLOWANCE OF DEDUCTION FOR DEPLETION. (a) General Rule. - In the case of mines, oil and gas wells, other natural deposits, and timber, there shall be allowed as a deduction in computing taxable income a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under regulations prescribed by the Secretary or his delegate. * * * ↩
3. Sec. 1.611-1(d)(5), Income Tax Regs.; Benedict O. Warren, Jr., 40 T.C. 991 (1963) (by implication); Flona Corporation v. United States, (S.D. Fla. 1963) 218 F. Supp. 354↩ (by implication).